IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY FRAME, | ) | CASE NO. 4:08 CV 1712 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| HUMILITY OF MARY HEALTH | ) | |
| PARTNERS, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

Before me by referral[1] is a motion[2] of defendants Humility of Mary Health Partners, *et al.* (the Hospital) to dismiss the claim[3] of *pro se* plaintiff Jimmy Frame on the grounds that substantially the same complaint was previously filed in an Ohio court. Frame has opposed the Hospital's motion to dismiss,[4] and the Hospital has responded to that opposition.[5]

Although the Hospital has incorrectly asserted that the "first to file" doctrine warrants a dismissal here, I will recommend, for the reasons given below, that dismissal is proper

---

[1] ECF # 7.

[2] ECF # 8.

[3] ECF # 1.

[4] ECF # 16.

[5] ECF # 14.

pursuant to a deferral to the state court under the doctrine adopted by the Supreme Court in *Colorado River Water Conservation District v. United States*.[6]

## Facts

The essential facts here are not complex and not in dispute.  Frame initiated the present diversity action in this Court against the Hospital and a doctor at the Hospital, alleging that because of alleged negligence and malpractice by the defendants, as defined by Ohio law, Frame developed vascular Parkinson's disease during a 2005 procedure at the Hospital.  At the time of the procedure and of the filing of the complaint, Frame, a Michigan resident, was a federal prisoner at Elkton, Ohio.[7]  Frame asserts no other claims in the present case and, in particular, no claims under federal law.

Approximately two weeks before the filing of this action in this Court, Frame filed an identical action in the Mahoning County (Ohio) Court of Common Pleas, the location of the Hospital where the procedure in question was performed.[8]  As Frame concedes, "prior to filing [my] complaint in this Court, [I] previously filed almost an identical complaint[9] in the State of Ohio."[10]

---

[6] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[7] ECF # 1.

[8] ECF # 8, Attachment 1.

[9] As the Hospital notes, the only difference is the jurisdictional language, which, obviously, is different in each forum.  *See*, *id.* at 2.

[10] ECF # 16 at 3.

Presently, in this state court case, the Hospital has filed an answer, moved for a more definite statement, responded to Frame's motion for appointment of counsel, and participated with Frame in a status conference before a magistrate, who has issued a ruling setting a pretrial for June 1, 2009, and a trial for July 21, 2009.[11]

Based on those facts, the Hospital moved this Court to dismiss the present complaint under the first to file doctrine.[12]  The Hospital argues that the "interests of judicial economy and efficiency" are best served by dismissing the claim in this Court so that the same case, which arises under Ohio law, may proceed in the state trial court.[13]

In response, Frame first does not contest the use of the first to file doctrine.  Instead he maintains that the federal action should proceed because, in essence, the federal court may provide Frame with appointed counsel (when the state court would not) and such appointed counsel would be advantageous, even necessary, to proving a case of negligence and medical malpractice.[14]  To that point, I note that the Court denied Frame's motion for appointment of counsel in a non-document entry on March 5, 2009.[15]

---

[11] *See*,  docket for *Frame v. St. Elizabeth Hosp.*, No. 50 2008 CV 02720 (Mahoning Cty. Ct. of Common Pleas), found at http://courts.mahoningcountyoh.gov.

[12] ECF # 8 at 2.

[13] *Id.* at 4.

[14] ECF # 16 at 3-5.

[15] I note that Frame filed a second motion for appointment of counsel soon after his first motion was denied.  Inasmuch as the second motion makes no reference to the fact that the first was denied, and that it was filed less than two weeks after the original motion was denied, I can only assume that, at the time he filed the second motion for appointment of counsel, Frame had not yet received the order denying the first motion.  Thus, to the extent

## Analysis

**A.      Applicable law – first to file/abstention/deference**

Although the Hospital presents the present motion to dismiss as one grounded on the first to file doctrine, a proper understanding of this motion – which fundamentally seeks to dismiss Frame's claim in this Court for reasons of judicial economy – requires that it be understood as a motion predicated on abstention pursuant to the tenets of *Colorado River*.

Initially, it is important to note, as the Sixth Circuit observes in *Certified Restoration Dry Cleaning Network, LLC v. Tense Corp.*,[16] that the federal first to file rule applies only in cases filed in courts of concurrent jurisdiction; that is, to cases filed in different federal district courts.[17] Specifically, the "'rule provides that when actions involving nearly identical parties and issues have been filed in two different *district courts*, "the court in which first suit was filed should *generally* proceed to judgment."'"[18]  As such, the first to file doctrine does

_____

that the second motion can be construed as a motion to reconsider, it is denied.  There is no constitutional right to counsel in a civil case.  *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  And although federal law provides courts the option of appointing counsel for individuals in a civil case, *see*, 28 U.S.C. § 1915(e)(1), that request should be granted only in "exceptional circumstances."  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  In that regard, it is no abuse of discretion to deny the appointment of counsel when the plaintiff's chances of success on the merits are "extremely slim."  *Id*. at 606.  Here, since I will recommend that Frame's case in this Court be dismissed, there is no basis for reconsidering the previous decision to deny him appointed counsel.

[16] *Certified Restoration Dry Cleaning Network v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

[17] *Id*.

[18] *Id.* (citation omitted) (first emphasis added, second in original).

-4-

not apply in this case, which involves nearly identical cases filed in courts of different jurisdictions.[19]

However, in cases such as this one, a federal court, in limited circumstances, may refrain from exercising its jurisdiction over a matter in deference to a nearly identical state court action under the doctrine articulated by the Supreme Court in *Colorado River*.

*Colorado River* initially restates the abstention doctrines applicable to three specific situations involving well-defined areas where abstention by the federal court in a matter duplicative of an ongoing state proceeding is appropriate.[20]  As recently summarized by the district court in *Stark v. Government Accounting Solutions*,[21] the three categories identified in *Colorado River* as appropriate for abstention are:

> (a)  cases presenting a federal constitutional issue which might be mooted or presented in a different posture by state court determination of pertinent state law,

-----

[19] The cases cited by the Hospital (ECF # 8 at 2-4) in support of dismissing this matter under the first to file doctrine are not to the contrary.  In *Smithers-Oasis Co. v. Clifford Sales & Mktg.*, 194 F. Supp. 2d 685 (N.D. Ohio 2002), dismissal under the first to file doctrine was proper in a situation where the first filed case, although initially filed in a Missouri state court, had been removed to the United State District Court for the Eastern District of Missouri, and the second case was filed in this Court.  *Smithers-Oasis*, 194 F. Supp. 2d at 686.  Similarly, in *Innovation Ventures v. Custom Nutrition Labs.*, 534 F. Supp. 2d 754 (E.D. Mich. 2008), the first filed suit was initiated in Texas state court but had then been removed to the federal district court for the Northern District of Texas, while the second action was filed in the federal district court for the Eastern District of Michigan.  *Id*. at 755. Thus, neither case is analogous to this one where similar cases are pending in this federal Court and a state court.

[20] *Colorado River*, 424 U.S. at 814-16.

[21] *Stark v. Gov't Accounting Solutions*, No. 2:07-cv-755, 2008 WL 2796499 (S.D. Ohio July 17, 2008).

-5-

(b)     cases presenting difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar, and

(c)     cases where, absent bad faith, harassment or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining either state criminal proceedings or state nuisance proceedings antecedent to a criminal prosecution, which are directed at obtaining the closure of places exhibiting obscene films or collection of state taxes.[22]

Where none of these abstention doctrines apply, *Colorado River* teaches that a federal district court may yet "defer" to the state court in which parallel litigation pends.[23] Specifically, deference to a pending state proceeding under *Colorado River,* unlike the three previously stated abstention doctrines, rests on "considerations of '(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"[24]

As such, in determining whether a federal district court should defer to a pending state court proceeding, the general rule is that "'the pendency of an action in state court is no bar

---

[22] *Id.*, at *4, citing *Colorado River*, 424 U.S. at 814-16.  I note that these abstention doctrines related in *Colorado River* are not an exhaustive list.  The Supreme Court, for example, has formulated additional abstention doctrines applicable to other specific overlaps between the exercise of federal and state court jurisdiction in pending cases, such as for cases of declaratory judgments, *see*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); as well as in the well-known circumstance where a federal injunction is sought in a state criminal proceeding *(see*, *Younger v. Harris*, 401 U.S. 37 (1971)).

[23] As the Sixth Circuit noted in the unpublished decision of *Phillip Diniaco & Sons v. Max J. Colvin & Sons Trucking*, 865 F.2d 1269, 1988 WL 137336, at *1 (6th Cir. 1988) (quoting *Medema v. Medema Builders*, 854 F.2d 210, 212 n.1 (7th Cir. 1988)), they "'abide by'" *Colorado River's* distinction between abstention and deferring, "'while making no claim that we understand it.'"

[24] *Colorado Rive*r, 424 U.S. at 817 (citations omitted).

-6-

to proceedings concerning the same matter in the Federal court having jurisdiction ....'"[25] Thus, because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, ... the circumstances permitting the dismissal[26] of a federal suit due to the presence of concurrent state proceeding for reasons of wise judicial administration" must be understood to be "considerably more limited than the circumstances appropriate for abstention."[27]

First, any determination of the limited circumstances that would justify deference to a parallel state proceeding under *Colorado River* requires as a preliminary matter that the federal court establish "the existence of parallel federal and state proceedings involving the same subject matter.  If no pending state proceeding is pending, *Colorado River* is

_____

[25] *Id*. (citations omitted).

[26] The "doctrine of abstention" has been understood by the Supreme Court to include both the remedy of the federal district court either "declin[ing] to exercise *or* postpon[ing] the exercise of its jurisdiction" (*see, Colorado River*, 424 U.S. at 813, quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959) (emphasis added)).  In the context of *Colorado River*, it appears that the district court, after determining that deference to a parallel state proceeding is appropriate, must then elect whether the best remedy is to dismiss or stay.  As the Supreme Court stated in extensive discussion of this issue in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27-28 (1983) (citations omitted):  "We have no occasion in this case to decide whether a dismissal or a stay should ordinarily be the preferred course of action when a district court properly finds that *Colorado River* counsels in favor of deferring to a parallel state-court suit. ... [T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Accord*, *DeNune v. Consol. Capital of North Am.*, No. 3:020cv07241, 2004 WL 1474653, at *7 (N.D. Ohio May 21, 2004).

[27] *Colorado River*, 424 U.S. at 818.

inapplicable."[28]  As the Sixth Circuit noted in *Romine v. Compuserve Corp.*,[29] "'[e]xact parallelism' is not required; 'it is enough if the two proceedings are substantially similar.'"[30] In essence, where (1) "the parties are substantially similar," and (2) the claims are "predicated on the same allegations as to the same material facts," the "actions must be considered 'parallel' for the purposes of [*Colorado River*]."[31]

If the existence of a parallel state court matter is established, the district court must then examine and weigh various factors that go to whether to defer the exercise of federal jurisdiction.  These factors do not comprise a "mechanical checklist" but, rather, as the Supreme Court observed in *Moses H. Cone Memorial Hospital*, involve a "careful balancing of important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[32]

In that regard, "[n]o one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination

---

[28] *Diniaco & Sons*, 1988 WL 137336, at *2, citing, *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984); *accord*, *Baskin v. Bath Township Bd. of Zoning App.*, 15 F.3d 569, 571-72 (6th Cir. 1994).

[29] *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).

[30] *Id*. at 340 (citations omitted).

[31] *Id.*; *see also*, *Finova Capital*, 180 F.3d 896, 898 (citation omitted).  "'Suits are parallel if substantially the same parties are litigating substantially the same issues in two fora.'"

[32] *Moses*, 460 U.S. at 16.

-8-

of factor counseling against that exercise is required."[33]  As the Supreme Court has stated, "'our task in cases such as this is not to find some substantial reason for the exercise of jurisdiction by the district court; rather the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice ... to justify the *surrender* of that jurisdiction.'"[34]

In *Finch v. Thomas Asphalt Paving Co.*,[35] I listed the eight factors a district court must consider and weigh in deciding whether to exercise its jurisdiction or defer, under *Colorado River*, to the concurrent jurisdiction of the state court:

- whether the state court has assumed jurisdiction over any res or property;

- whether the federal forum is less convenient to the parties;

- avoidance of piecemeal litigation;

- the order in which jurisdiction was obtained;

- whether the source of governing law is state or federal;

- the adequacy of the state court action to protect the federal plaintiff's rights;

- the relative progress of the state and federal proceedings; and

- the presence or absence of concurrent jurisdiction.[36]

---

[33] *Colorado River*, 424 U.S. at 818.

[34] *PaineWebber, Inc. v. Alfred M. Cohen*, 276 F.3d 197, 208 (6th Cir. 2001) (quoting *Moses*, 460 U.S. at 25-26) (emphasis in original; internal quotations omitted).

[35] *Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp. 2d 459 (N.D. Ohio 2002).

[36] *Id*. at 462 (citation omitted).

**B.     Application of standard – this Court should defer exercising its jurisdiction**

As will be developed, I will address each of the Colorado River factors for deferring jurisdiction and then recommend that this Court should defer.

**1.     *Whether the state court has assumed jurisdiction over any res or property***

Unquestionably, the state court has assumed no jurisdiction over any res or property. As such, according to the Sixth Circuit in *Romine*, where no property is at issue between the parties, this first *Colorado River* factor is inapposite, supporting the exercise of jurisdiction by the federal court.[37]

**2.     *Is the federal forum less convenient?***

Here, the federal forum is not any less convenient to the parties than the state forum. This factor relates to "geographical considerations, not to the relative jurisdictional scope of state versus federal court."[38]

In *Colorado River*, the 300-mile distance between the federal district court in Denver and the state court provided a significant factor supporting deferring the exercise of federal jurisdiction.[39]  By contrast, the Sixth Circuit in *Romine* concluded that the federal forum was not any less convenient than the state forum since the respective courthouses were located in the same city.[40]

---

[37] *See*, *Romine*, 160 F.3d at 341.

[38] *PaineWebber*, 276 F.3d at 207.

[39] *Colorado River*, 424 U.S. at 820.

[40] *Romine*, 160 F.3d at 337.

Here the state and federal courthouses are located approximately 65 miles apart.  As I observed in *Finch*, a distance of 40 miles "was not a significant distance" such as would render one forum more convenient than the other.[41]  This conclusion is particularly strengthened by reference to findings such as that of the Ninth Circuit in *Travelers Indemnity Co. v. Madonna*,[42] which found that a 200-mile distance between courthouses was a "fair" distance but not one sufficiently great as to weigh in favor of the federal court deferring the exercise of its jurisdiction.[43]  Thus, because the 65-mile distance in this case is substantially similar to the 40-mile distance in *Finch* that I concluded was not sufficient to overcome the preference that the federal court exercise its jurisdiction, I likewise recommend that this factor be found to support the exercise of federal jurisdiction.[44]

---

[41] *Finch*, 252 F.Supp.2d at 463.

[42] *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364 (9th Cir. 1990).

[43] *Id*. at 1368; *see also*, *Focus Radio v. Summit Radio*, 853 F. Supp. 252, 256 (E.D. Mich. 1994) (finding that a 200-mile distance represented an "inconvenience" that was not so great as would weigh in favor of the federal court deferring jurisdiction).

[44] I also note that this factor appears to be where Frame's argument that the federal forum is more to his benefit because it may afford him an appointed attorney could be argued to apply.  However, as is set forth in my ruling denying that motion, Frame is not entitled to such an appointment of counsel and, as the Sixth Circuit held in *PaineWebber*, this factor is strictly concerned with geographical considerations, not the relative powers of state and federal court.

3.      *Avoidance of piecemeal litigation*

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."[45] Moreover, as the Sixth Circuit also noted in *Romine*:

> Where a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is put in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.[46]

Nonetheless, despite the obvious truth that having a federal district court and a state common pleas court focused simultaneously on the same question is, in one sense, "piecemeal litigation in spades,"[47] the mere fact of concurrent litigation alone does not present a danger of piecemeal litigation sufficient to warrant the federal court deferring its jurisdiction.[48]

Specifically, as the Sixth Circuit recently emphasized in *Answers in Genesis of Kentucky, Inc. v. Creation Ministries International, Ltd.*,[49] this "most important" test prescribed by *Colorado River* in this regard involves considering whether there is "'*a clear*

---

[45] *Romine*, 160 F.3d at 341 (citation omitted).

[46] *Id.* (citation omitted).

[47] *Dinianco*, 865 F.3d 1269, 1988 WL 137336, at *2.

[48] *See*, *Finch*, 282 F. Supp. 2d at 463 (citations omitted).

[49] *Answers in Genesis of Kentucky, Ltd. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459 (6th Cir. 2009).

-12-

*federal policy* evinc[ing] ... the avoidance of piecemeal litigation' found within the statutory scheme at issue."[50]  As I concluded in *Finch*, absent such a clear federal policy in favor of deferring jurisdiction for the purpose of avoiding piecemeal litigation, any doubt should be resolved in favor of the federal court exercising its jurisdiction, since deferring must be based on "only the clearest of justifications ...."[51]

Here, the basis for this Court's jurisdiction is diversity.[52]  Since the exercise of diversity jurisdiction by a federal court has long been provided for by statute as a special federal protection against bias for litigants who would otherwise litigate their state law claims in the courts of a state other than their own, the federal policy underlying diversity jurisdiction has an inherent acceptance of the risks that can occur when both state and federal trial courts each apply the same state law.  It is, then, not analogous to that situation described in *Colorado River* where federal policy expressed in the McCarran Act was clearly in favor of avoiding piecemeal litigation.[53]  Thus, I recommend finding that this factor weighs here in favor of this Court continuing to exercise its jurisdiction.

---

[50] *Id.* at 467 (quoting *Colorado River*, 424 U.S. at 819) (emphasis added).

[51] *Finch*, 282 F. Supp. 2d at 463 (quoting *Colorado River*, 424 U.S. at 819).

[52] *See*, ECF # 1.

[53] *Colorado River*, 424 U.S. at 819.  "The most important [factor favoring deferring] is the McCarran Act itself.  The clear federal policy evinced by that legislation is the avoidance of piecemeal adjudication of water rights in a river system."

-13-

### 4.      The order in which jurisdiction was obtained

Here, as previously noted, the record is clear, and Frame concedes, that he filed his state court action first, commencing his suit in the Mahoning County Court of Common Pleas approximately two weeks before filing the present action in this Court.  While this brief time difference alone may be said to marginally favor deferring the exercise of federal jurisdiction, the Supreme Court has clearly stated that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[54]

Accordingly, inasmuch as I will address the relative progress of the two actions in a subsequent factor, I will refrain now from recommending any conclusions from the fact that the state proceeding was filed slightly earlier than the case in this Court.

### 5.      Whether the source of the governing law is state or federal

The cases here both involve state law claims that must be resolved by reference to the Ohio law of negligence.  This *Colorado River* factor only comes into play when substantive federal law is also involved or where the state law question is novel or difficult.[55]  Thus, when the state law is not novel or difficult, but a more routine matter of negligence, it does not provide a basis by which the federal court can justify deferring the exercise of its jurisdiction.[56]

---

[54] *Moses*, 460 U.S. at 3.

[55] *Finch*, 252 F. Supp. 2d at 464 (citation omitted).

[56] *Id.* (citing *Focus Radio*, 853 F. Supp. at 255) ("The claims of the parties involve ordinary contract and tort claims, which the federal court is entirely capable of deciding.").

Accordingly, I recommend finding that, although the claims here are governed exclusively by Ohio law, such law is not novel or complex, and so this factor does not weigh in favor of this Court deferring the exercise of its jurisdiction.

**6.      *The adequacy of the state court action to protect the federal plaintiff's rights***

Here, there is no evidence that the Ohio court would be inadequate to protect Frame's rights.  However, as the Sixth Circuit observed in *PaineWebber*, "the fact that the state court will protect [the federal plaintiff's] rights ... does not provide the 'exceptional' circumstances necessary to justify abandoning the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"[57]

Therefore, I recommend concluding that this factor does not weigh in favor of this Court deferring the exercise of its jurisdiction.

**7.      *The relative progress of the state and federal proceedings***

As noted, this factor is related to the previously discussed factor of the priority in which the courts involved acquired jurisdiction.  When proceedings in the state court action have advanced well beyond those in the federal case, that disparity in progress will strongly favor the federal court deferring the exercise of its jurisdiction in favor of the state court.[58] As the Sixth Circuit observed in *Romine*, when the state court action has progressed

---

[57] *PaineWebber*, 276 F.3d at 209 (quoting *Colorado River*, 424 U.S. at 817-18).

[58] *Finch*, 252 F. Supp. 2d at 465.

-15-

"considerably further" than the federal case, that fact "weighs **strongly** in favor of [the federal court] deferring to [the state court]."[59]

Here the state case has advanced substantially further than the federal court.  In taking judicial notice[60] of the docket sheet of the case in the Mahoning County Court of Common Pleas,[61] I note, as discussed above, that, unlike here, the defendants have filed an answer, moved for a more definite statement, participated with Frame in a status conference, and have a definite trial date of July 21, 2009.[62]  In this case, the Hospital has not even filed an answer, and no trial date is set.

Based on the Sixth Circuit's plain teaching in *PaineWebber*, I recommend finding that the advance state of progress in the state court suit, as against the fact that the Hospital has yet to file an answer in this forum or receive a trial date, "weighs strongly" in favor of this Court deferring the exercise of its jurisdiction in favor of the more advanced state proceeding.

---

[59] *Romine*, 160 F.3d at 341-42 (emphasis added).

[60] A court is permitted to "take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned."  *Passa v. City of Columbus*, 123 F. App'x 694, 2005 WL 372305, at *3 (6th Cir. 2005) (citations omitted).

[61] *See*, docket for *Frame v. St. Elizabeth Hospital*, Case No. 50 2008 CV 02720, Mahoning County Court of Common Pleas, found at http://courts.mahoningcountyoh.gov.

[62] *Id.*

-16-

8.    *The presence or absence of concurrent jurisdiction*

Both the state and federal courts have jurisdiction here.  The presence of concurrent jurisdiction only marginally, if at all, favors [deferring the exercise of jurisdiction]."[63]

9.    *Weighing the factors, I recommend that this Court defer the exercise of its jurisdiction in this case and grant the Hospital's motion to dismiss.*

After weighing the various *Colorado River* factors, I recommend that this Court defer the exercise of its jurisdiction in this case.  In that regard, I note first that this is a decision committed to this Court's sound discretion.[64]  Accordingly, "from a practical standpoint, this means that within limits there exists a range of permissible decisions this Court may make."[65]  However, with that said, and consistent with the Sixth Circuit's decision in *Romine*, the fact that the Ohio case is considerably more advanced in its progress than is the case in this Court provides a clear, strong, and supportable reason for deferring the exercise of jurisdiction.[66]

Therefore, I recommend that the Hospital's motion to dismiss be granted.

Dated:   May 27, 2009                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[63] *PaineWebber*, 276 F.3d at 208.

[64] *Finch*, 252 F. Supp. 2d at 465 (citation omitted).

[65] *Id.*

[66] *Romine*, 160 F.3d at 341-42; *see also*, *Price v. Cox*, No. 08-cv-14518, 2009 WL 1121868, at *7 (E.D. Mich. April 23, 2009) (*Colorado River* deference applies when the state court obtained jurisdiction before the federal court and "its case has progressed farther.").

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[67]

---

[67] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).